# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KATHALENE NESS

    Plaintiff,                             Case No. 8:16-cv-02789-T-23TGW

V.

UNITED STATES DEPARTMENT OF
THE INTERIOR, Office of Hearings and
Appeals, Interior Board of Land Appeals,

    Defendant,

## AMENDED COMPLAINT AND REQUEST FOR JURY TRAIL,

---

## I,
## JURISDICTIONAL STATEMENT

The District Court has subject matter jurisdiction pursuant to 28 U.S.C 1331 because the issues raised in the complaint concern federal agency compliance with the statues, regulations and Constitution of the United States and their implementing agencies, particularly the Wild Free Roaming Horses and Burros Act. And the Administrative Procedure Act (a p a) 5 U.S.C 701-706. Jurisdiction is also proper under 28 U.S.C 1361 in that the Complaint seeks specific relief in the form of a writ of mandamus under which ( the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

1.

# STATEMENT OF FACTS

I filled my original appeal with the Bureau of Land Management They took out all evidence I supplied with my appeal before it Was forwarded to Interior Board of land appeals This was confirmed By Toni Lundeen docking council for the IBLA On June 2, 2016. Dan Russell with held inspection photos from June 3, 2015 inspection conducted by him in my presence. I filled a freedom of information Act request to get these pictures I only received pictures of two of my Horses the ones of the black mare he now states there are none. There was nothing wrong with this horse on June 3, 2015 and Mr. Russell has no proof just his statement that she was under weight. If I abused and starved this horse as he states where did the inspection pictures go. As to the Contract breach by facility owners under the Wild Free Horse and Burro Act I am responsible for providing proper care this statement is vague. I do not believe Congress intended to hold adopters responsible for property they do not own. Especially when owners noncompliance of a contract violates my primary Maintenance agreement. I requested a hearing and my right to question adverse witness Interior Board denied me my due process rights and my request for a hearing.

On August 3, 2017 Mr. Russell gave the care of my horses to Dale Davis and paid her five dollars a day per horse. Ms. Davis wasn't permitted by a Court order and a Bond she was released on to care or feed anyone's horses. So Ms Davis couldn't care for my horses or it would violate the Court order. My horses went a whole week with no food Mr. Russell was responsible for their care from August 3, till August 9, 2015 till he picked them up at the Davis facility. I am entitled to relief Interior Board of Land Appeals actions were without clear evidence Mr. Russell failed to perform the official duties of his office and placed me in a false light.

I ask this Court to reverse the decision of the Interior Board of Land Appeals it is clearly without evidence due to the official Conduct of Mr. Russell. The Board's decision is clearly a abuse of Discretion an not proved by the evidence. I ask that the three horses taken be returned. BLM be required to pay all return transport fees. Pay all legal costs I incur. And monetary damages for nonperformance of official duties with held by Mr. Russell.

Respectfully Submitted,

*[signature: Kathalene Ness]*

Kathalene Ness
510 Carolyn Dr
Lakeland Florida
33803
863-937-6448
Cassgirl51@gmail.com

## CERTIFICATE OF SERVICE

---

I hereby certify that on November 17, 2017 I filed the forgoing with the Clerk Of Court in person. And I will send the foregoing by regular mail on November 17,2017 to Defendant to:

W.Stephen Muldrow
Acting United States Attorney
400 North Tampa Street, Suite 3200
Tampa , florida 33602

Kathalene Ness
*Kathi Ness* (signature)
Pro Se Plaintiff
Kathalene Ness
510 Carolyn Dr
Lakeland Florida 33803
863-937-6448
Cassgirl51@gmail.com